UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARLON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:08-CV-185 WL |
| vs. | ) |
| | ) |
| MARY DALTON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Marlon Miller, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 550 U.S. __, __; 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, ___; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

Here, Mr. Miller's factual allegations do not state a claim for monetary damages, though they do state a claim for injunctive relief. Mr. Miller alleges that when he was transferred to the E-Housing Unit in May 2007, he notified these three defendants several times that he had prior confrontations with Raymond Johnson, a fellow inmate who lived on that unit. He alleges that soon after he arrived on that unit, Raymond Johnson threatened him. Mr. Miller alleges that he told the defendants about these threats. In response the defendants spoke to Raymond Johnson and moved Mr. Miller to the other side of the unit where he only shared recreation and meals with Raymond Johnson. Though they continued to have limited contact, for the next four months, Mr. Miller was not attacked.

On September 3, 2007, Mr. Miller was transferred back to the same side of the housing unit as Raymond Johnson. "The plaintiff then, informed Defendant Sheets and Defendant Dalton while

in conference that offender Johnson was still on that side of the unit, and that the plaintiff didn't want or, feel comfortable around Offender Johnson." Complaint at ¶ 30. Ultimately, Mr. Miller was moved back to the other side of the unit where he had been safe for many months before. Nevertheless, "On October 13, 2007, two days after being moved back across the hall, the plaintiff was assaulted by Offender Raymond Johnson while leaving the offender dining-hall, right in front of the Yard-Correctional-Sergeant (Leach) (SEE: EXHIBIT 'E')" Complaint at ¶ 33.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a prison guard merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995).

Here, Mr. Miller had been safe for months while housed on the other side of the unit and despite the threats, he had remained safe on the same side of the unit for over a month. Perhaps it was negligent to have moved him back to the other side of the unit, but given these facts, it was not deliberately indifferent to believe that he would be safe there.

3

> Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters. Those who have difficulty conforming to society's norms outside prison may find obedience no more attractive inside -- and the threat of punishment for violence is diminished for one already serving a long term.

McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991).

> Some level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known"" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in Estelle and its offspring.

McGill v. Duckworth, 944 F.2d 344, 348 (7th Cir. 1991).

Mr. Miller does not state a claim for monetary damages resulting from the attack that occurred on October 13, 2007. Therefore that claim will be dismissed along with the defendants Mary Dalton, Ellan Sheets, and D. Truex in their individual capacities. Nevertheless, Mr. Miller also seeks injunctive relief because he continues to have contact with his attacker, Offender Raymond Johnson. Though many questions still remain in regard to this injunctive relief claim, it is clear that at the pleading stage, he has stated a claim. Therefore he will be permitted to proceed against Mary Dalton, Ellan Sheets, and D. Truex in their official capacities for injunctive relief.

For the foregoing reasons, the court:

(1) **GRANTS** Marlon Miller leave to proceed against Mary Dalton, Ellan Sheets, and D. Truex in their official capacities for injunctive relief to separate him from Offender Raymond Johnson;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** defendants Mary Dalton, Ellan Sheets, and D. Truex in their individual capacities;

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Mary Dalton, Ellan Sheets, and D. Truex to the United States Marshals Service along with copies of this order and copies of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Mary Dalton, Ellan Sheets, and D. Truex ; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Mary Dalton, Ellan Sheets, and D. Truex respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: December 17, 2008

s/William C. Lee
William C. Lee, Judge
United States District Court