UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARLON MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:08cv185 |
| | ) |
| MARY DALTON, <u>et al.</u>, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, Mary Dalton, Ellen Sheet, and D.Truax on January 2, 2009. The plaintiff, Marlon Miller ("Miller"), proceeding <u>pro se</u> has not responded to the motion.[1]

In support of their motion to dismiss pursuant to Fed.R.Civ.p. 12(b)(1), the defendants note that the only surviving claim in this case requests injunctive relief by way of separating Miller from Raymond Johnson, another offender housed in the same correctional facility as Miller. According to the defendants, Miller has been transferred from the Miami Correctional Facility, where Johnson resides, to the Correctional Industrial Facility. Thus the defendants argue that Miller's claim should be dismissed as moot.

When reviewing a 12(b)(1) motion to dismiss, including those based on grounds of mootness, the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." <u>St. John's United Church of Christ v. City of Chicago</u>, 502 F.3d 616, 625 (7th Cir. 2007). However, unlike a 12(b)(6) motion to dismiss, the

---

[1] The record shows that Miller was sent a <u>Lewis v. Faulkner</u> notice on January 5, 2009, notifying him of the motion to dismiss and the possible implications of failure to respond.

court may look beyond the pleadings and "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Id.

In the present case, as the record shows that Miller has been transferred to a different institution and is no longer housed with Johnson, he no longer has a "live case or controversy". Thus, Miller's claim is moot and this court lacks subject matter jurisdiction. According, the motion to dismiss will be granted.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 17] is hereby GRANTED.

Entered: January 30, 2009.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court